J. S09001/15

2015 PA Super 151

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
v.   :
  :
JAMES L. BEST,   :   No. 1628 WDA 2012
  :
Appellant   :

Appeal from the Judgment of Sentence, June 5, 2012,
in the Court of Common Pleas of Bedford County
Criminal Division at No. CP-05-CR-0000033-2011

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND ALLEN, JJ.

OPINION BY FORD ELLIOTT, P.J.E.:        **FILED JULY 16, 2015**

Appellant appeals the judgment of sentence imposed following his several driving under the influence ("DUI") related convictions.  Finding no error, we affirm.

On the evening of December 14, 2010, appellant was involved in a head-on collision with another vehicle on East Graceville Road in Breezewood.  When Trooper Matthew J. Bonin approached appellant, appellant exhibited a strong odor of alcohol, slurred speech, and bloodshot, glassy eyes.  (Notes of testimony, 3/6/12 at 170.)  Bonin asked appellant how much he had had to drink, and appellant replied that he had consumed three or four beers.  (*Id.* at 169-170.)  Bonin testified that appellant admitted to him that he went into the opposite lane of travel, but that it was caused by him hitting a patch of ice.  (*Id.* at 168-169.)  According to Bonin,

appellant failed field sobriety tests. (*Id.* at 170-172.)[1] Bonin then investigated appellant's car. Bonin did not possess a search warrant at the time, but subsequently presented an application to a magisterial district judge and was granted a warrant. (*See* Application for Search Warrant and Authorization, 12/15/10.) In appellant's vehicle, Bonin observed several open beer cans and a whisky flask. (*Id.* at 173.) When Bonin opened the flask, he observed a liquid that had an odor of alcohol. (*Id.* at 175-176.) Bonin also found a pipe and small amount of marijuana in the console of the vehicle. (*Id.* at 176-177.) Appellant refused chemical testing. (*Id.* at 191.) When Bonin later went to appellant's home to serve an arrest warrant, he overheard appellant telling his mother that he had consumed five or six beers. (*Id.* at 193.) Bonin testified that it was his opinion that appellant was under the influence of alcohol, impaired, and incapable of safe driving. (*Id.* at 192.)

Appellant stipulated at trial that his license was suspended at the time of the accident, and that he had been designated as a "habitual offender" by the Pennsylvania Department of Transportation as a result of prior offenses. (*Id.* at 197-198.) No details were given to the jury as to the nature of those prior offenses.

---

[1] A video of the tests recorded by a mobile video recorder in the police vehicle was played for the jury. (*Id.* at 186-187.)

Testimony was also presented from the teenage occupants of the other vehicle. Kyle Frankenberry was driving and his girlfriend McKenna Sipes was in the passenger seat. (*Id.* at 113.) Frankenberry testified that just before the crash, he attempted to swerve to avoid the collision. (*Id.* at 113, 115.) Frankenberry was trapped in his vehicle after the crash and Sipes was unconscious. (*Id.* at 116.) Frankenberry was taken by ambulance to the hospital. (*Id.* at 117-118.) He remembered his dislocated leg being put back in place in his hip, but he did not recall the subsequent surgery. (*Id.* at 118.) Frankenberry spent seven days at this hospital and then five additional days at another hospital. (*Id.* at 119.) Finally, Frankenberry described the ongoing ill effects that the accident has had on his life. (*Id.* at 119-122.)

Sipes also testified. She remembered riding in the car that night, but almost nothing about the accident; her first memory was hearing one of the EMT's talking to her in the car. (*Id.* at 144-148.) She did state that neither she nor Frankenberry had had anything to drink that night and that Frankenberry was driving normally. (*Id.* at 146-147.) Sipes was in the hospital for six days and had hip surgery. (*Id.* at 149.) Sipes also described the ill effects that the accident has had on her life. (*Id.* at 149-153.)

Dr. Corey Schutt testified as to his treatment of both Frankenberry and Sipes for a dislocated hip and fractured pelvis. (*Id.* at 76-80.) He described

the injuries as serious and the surgery as intense. (**Id.** at 76-77.) Another trauma surgeon who treated the victims, Dr. Simon Lampard, also described the victims' various injuries. (**Id.** at 86-100.)

On March 7, 2012, the jury found appellant guilty of (2) counts of aggravated assault by vehicle while DUI; (1) count of accidents involving death or personal injury while not properly licensed; (1) count DUI general impairment; (1) count of habitual offenders; (1) count of reckless driving; (1) count of restriction on alcoholic beverages; (1) count driving under suspension, DUI related; (1) count driving on roadways laned for traffic; (1) count careless driving; (1) count of possession of a small amount of marijuana for personal use; and (1) count of possession of drug paraphernalia.[2] On May 7, 2012, the court imposed an aggregate sentence of 59 months' to 20 years' imprisonment. Post-sentence motions were denied on September 17, 2012, and a timely notice of appeal was filed on October 11, 2012.

Appellant raises the following issues on appeal:

> I. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSES OF AGGRAVATED ASSAULT BY VEHICLE WHILE DUI, 75 Pa.C.S.A. § 3735.1, COUNTS 1 AND 2, AS THE EVIDENCE ADDUCED AT TRIAL FAILED TO PROVE: (a) CAUSATION, NAMELY, FAILED TO PROVE IN EACH COUNT THAT APPELLANT CAUSED

---

[2] 75 Pa.C.S.A. §§ 3735.1(a); 3742.1(a); 3802(a)(1); 6503.1; 3736(a); 3809(a); 1543(b)(1); 3309; 3714(a), respectively, and 35 P.S. § 780-113(a)(31) and (a)(32), respectively.

SERIOUS BODILY INJURY TO THE VICTIM IN EACH COUNT AND/OR THAT THE ALLEGED VIOLATION OF 75 Pa.C.S.A. § 3802 CAUSED SERIOUS BODILY INJURY TO THE VICTIM IN EACH COUNT; (b) INTENT, NAMELY, NEGLIGENCE, IN EACH COUNT, AS PROVIDED AT 18 Pa.C.S.A. § 302 (b) AND/OR (c) IN EACH COUNT, FOR THE NECESSARY LESSER-INCLUDED OFFENSE OF AN ALLEGED VIOLATION OF 75 Pa.C.S.A. § 3802, AS PROVIDED AT 75 Pa.C.S.A. § 3802(a)(1), THAT APPELLANT IMBIBED A SUFFICIENT AMOUNT OF ALCOHOL SUCH THAT HE WAS RENDERED INCAPABLE OF SAFE DRIVING, OPERATING OR BEING IN ACTUAL PHYSICAL CONTROL OF THE MOVEMENT OF THE VEHICLE.

II. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSE OF ACCIDENT INVOLVING DEATH OR PERSONAL INJURY WHILE NOT PROPERLY LICENSED, 75 Pa.C.S.A. § 3742.1(a), COUNT 3, AS THE EVIDENCE ADDUCED AT TRIAL FAILED TO PROVE: (a) CAUSATION, NAMELY, THAT APPELLANT CAUSED THE ACCIDENT TO OCCUR AND/OR THAT APPELLANT'S SUSPENDED/REVOKED OPERATING PRIVILEGE HAD ANY CAUSATIVE EFFECT UPON THE ACCIDENT; AND/OR (b) INTENT, NAMELY, NEGLIGENCE AS PROVIDED IN 18 Pa.C.S.A. § 302(b).

III. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSE OF POSSESSION OF A SMALL AMOUNT OF MARIJUANA, 35 P.S. § 780-113 (a)(31)(i), COUNT 4, AS THE EVIDENCE ADDUCED AT TRIAL FAILED TO PROVE THAT APPELLANT POSSESSED, ACTUALLY OR CONTRUCTIVELY [sic], MARIJUANA.

IV. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE

OFFENSE OF POSSESSION OF DRUG PARAPHERNALIA, 35 P.S. § 780-113(a)(32), COUNT 5, AS THE EVIDENCE ADDUCED AT TRIAL FAILED TO PROVIDE THAT APPELLANT POSSESSED, ACTUALLY OR CONSTRUCTIVELY, DRUG PARAPHERNALIA.

V. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSE OF DUI-GENERAL IMPAIRMENT-REFUSAL, 75 Pa.C.S.A. § 3802(a)(1), AS THE EVIDENCE AT TRIAL FAILED TO PROVE: (a) THAT APPELLANT IMBIBED A SUFFICIENT AMOUNT OF ALCOHOL SUCH THAT HE WAS RENDERED INCAPABLE OF SAFE DRIVING, OPERATING OR BEING IN ACTUAL PHYSICAL CONTROL OF THE MOVEMENT OF THE VEHICLE; AND (b) THAT APPELLANT REFUSED TO SUBMIT TO CHEMICAL TESTING.

VI. APPELLANT CHALLENGED [sic] THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSE OF HABITUAL OFFENDERS, 75 Pa.C.S.A. § 6503.1, COUNT 7, AS THE EVIDENCE ADDUCED AT TRIAL FAILED TO PROVE APPELLANT HAD ACCUMULATED THE REQUISITE NUMBER OF CONVICTIONS FOR SEPARATE AND DISTINCT OFFENSES DESCRIBED AND ENUMBERATED [sic] IN 75 Pa.C.S.A. 1542(b) WITHIN A FIVE (5) YEAR PERIOD.

VII. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSE OF RECKLESS DRIVING, 75 Pa.C.S.A. § 3736(a), COUNT 8, AS THE EDVIDENCE [sic] ADDUCED AT TRIAL FAILED TO PROVE THAT APPELLANT ACTED WITH WANTON OR WILLFUL DISREGARD FOR THE SAFETY OF PERSONS OR PROPERTY.

VIII. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE

OFFENSE OF RESTRICTION ON ALCOHOLIC BEVERAGES, 75 Pa.C.S.A. § 3809(a), COUNT 9, AS THE EVIDENCE ADDUCED AT TRIAL FAILED TO PROVE THAT APPELLANT POSSESSED, ACTUALLY OR CONSTRUCTIVELY, AN OPEN BEVERAGE CONTAINER OR CONSUMED A CONTROLLED SUBSTANCE OR ALCOHOLIC BEVERAGE IN A MOTOR VEHICLE WHILE THE MOTOR VEHICLE WAS LOCATED ON A HIGHWAY IN THIS COMMONWEALTH.

IX. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSE OF DRIVING WHILE OPERATING PRIVILEGE IS SUSPENDED OR REVOKED, 75 Pa.C.S.A. § 1543 (b)(1.1), COUNT 10, AS THE EVIDENCE ADDUCEDC [sic] AT TRIAL FAILED TO PROVE APPELLANT HAD ANY AMOUNT OF ALCOHOL OR CONTROLLED SUBSTANCE IN HIS BLOOD.

X. APELLANT [sic] CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSE OF DRIVING ON ROADWAYS LANED FOR TRAFFIC, 75 Pa.C.S.A. § 3309(1), COUNT 11, AS THE EVIDENCE ADDUCED AT TRIAL FAILED TO PROVE THAT APPELLANT FAILED TO MAINTAIN THE VEHICLE AS NEARLY AS PRACTICABLE ENTIRELY WITHIN A SINGLE LANE AND/OR THAT APPELLANT MOVED FROM THE LAND WITHOUT FIRST ASCERTAINING THAT THE MOVEMENT COULD BE DONE SAFELY.

XI. APPELLANT CHALLENGES THE SUFFICIENCY OF THE EVIDENCE TO CONVICT HIM OF THE OFFENSE OF CARELESS DRIVING, 75 Pa.C.S.A. § 3714, COUNT 12, AS THE EVIDENCE ADDUCED AT TRIAL FAILED TO PROVE THAT APPELLANT ACTED IN CARELESS DISREGARD FOR THE SAFETY OF PERSONS OR PROPERTY.

XII.     APPELLANT ASSERTS THAT THE JURY'S VERDICTS ON COUNTS 1, 2, AND 3 WERE AGAINST THE WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY WAS PRESENTED ON CAUSATION, APPELLANT'S INTENT, THE VICTIMS' SERIOUS BODILY INJURIES, THE ALLEGATION THAT APPELLANT HAD IMBIBED A SUFFICIENT AMOUNT OF ALCOHOL TO RENDER HIM IN CAPABLE [sic] OF SAFE DRIVING OR OPERATION OF THE VEHICLE AND THE TESIMONY [sic] PRESENTED WAS NOT CREDIBLE.

XIII.    APPELLANT ASSERTS THAT THE JURY'S VERDICT ON COUNT 5 WAS AGAINST THE WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY WAS PRESENTED AS TO APPELLANT'S POSSESSION, ACTUALLY OR CONSTRUCTIVELY, OF DRUG PARAPHERNALIA AND THE TESTIMONY PRESENTED WAS NOT CREDIBLE.

XIV.    APPELLANT ASSERTS THE JURY'S VERDICT ON COUNT 7 WAS AGAINST THE WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY WAS PRESENTED THAT APPELLANT HAD ACCUMULATED THE REQUISITE NUMBER OF CONVICTIONS FOR SEPARATE AND DISTENCT [sic] OFFENSES DESCRIBED AND ENUMERATED IN 75 Pa.C.S.A. § 1542(b) WITHIN A FIVE (5) YEAR PERIOD.

XV.     APPELLANT ASSERTS THAT THE COURT'S VERDICT ON COUNT 6 WAS AGAINST THE WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY WAS PRESENTED THAT APPELLANT POSSESSED, ACTUALLY OR CONSTRUCTIVELY, MARIJUANA.

XVI.    APPELLANT ASSERTS THAT THE COURT'S VERDICT ON COUNT 8 WAS AGAINST THE

WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY WAS PRESENTED THAT APPELLANT ACTED WITH A WANTON OR WILLFUL DISREGARD FOR THE SAFETY OF PERSONS OR PROPERTY.

XVII. APPELLANT ASSERTS THAT THE COURT'S VERDICT ON COUNT 9 WAS AGAINST THE WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY WAS PRESENTED THAT APPELLANT POSSESSED, ACTUALLY OR CONSTRUCTIVELY, AN OPEN ALCOHOLIC BEVERAGE CONTAINER OR CONSUMED A CONTROLLED SUBSTANCE OR ALCOHOLIC BEVERAGE IN A MOTOR VEHICLE WHILE THE MOTOR VEHICLE WAS LOCATED ON A HIGHWAY IN THIS COMMONWEALTH.

XVIII. APPELLANT ASSERTS THE COURT'S VERDICT ON COUNT 10 WAS AGAINST THE WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY [WAS] PRESENTED THAT APPELLANT HAD ANY AMOUNT OF ALCOHOL OR CONTROLLED SUBSTANCE IN HIS BLOOD.

XIX. APPELLANT ASSERTS THAT THE COURT'S VERDICT ON COUNT 11 WAS AGAINST THE WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY WAS PRESENTED THAT APPELLANT FAILED TO MAINTAIN THE VEHICLE AS NEARLY AS PRACTICABLE ENTIRELY WITHIN A SINGLE LANE AND/OR THAT APPELLANT MOVED FROM THE LANE WITHOUT FIRST ASCERTAINING THAT THE MOVEMENT COULD BE DONE SAFELY.

XX. APPELLANT ASSERTS THAT THE COURT'S VERDICT ON COUNT 12 WAS AGAINST THE WEIGHT OF THE EVIDENCE INASMUCH AS NO CREDIBLE TESTIMONY WAS PRESENTED THAT APPELLANT ACTED IN CARELESS DISREGARD FOR THE SAFETY OF PERSONS OR PROPERTY.

XXI.   AS SET FORTH IN PARAGRAPHS 17, 18 AND 19 OF THE OMNIBUS PRE-TRIAL MOTION FOR RELIEF, FILED OF RECORD ON MARCH 1, 2012, WHICH ARE INCORPORATED HEREIN BY REFERENCE, AND RENEWED AT TRIAL, APPELLANT WAS PREJUDICED BY THE EVIDENCE OF HIS PRIOR RECORD INCIDENT TO THE PROOF OF COUNTS 3 7 AND 10 IN THE TRIAL OF THE UNSEVERED COUNTS 1, 2, 4, 5 AND 6, AND THE COURT ABUSED ITS DISCRETION IN FAILING TO GRANT SEVERANCE.

XXII.   AS SET FORTH IN PARAGRAPHS 7, 8 AND 9 OF THE OMNIBUS PRE-TRIAL MOTION, FILED OF RECORD ON MARCH 1, 2012, WHICH ARE INCOPORATED [sic] HEREIN BY REFERENCE, AND RENEWED AT TRIAL, THE COURT ERRED BY OMITTING TO PROPERLY RULE ON THE SUPPRESSION MOTION FOR THE VEHICLE SEARCH AND TO SUPPRESS THE EVIDENCE OF SUCH SEARCH AND THE FRUITS THEREOF, INASMUCH AS THE WARRANTLESS SEARCH OF THE VEHICLE WAS NOT SUPPORT [sic] BY EXIGENCY OR OTHER SUFFICIENT BASIS; INCLUDING, WITHOUT LIMITATION, THE OFFICER'S OBSERVATION OF A SINGLE BLUE PILL.

XXIII.   AS SET FORTH IN PARAGRAPHS 7, 8, 9, 11, 13 AND 14 OF THE OMNIBUS PRE-TRIAL MOTION, FILED OF RECORD ON MARCH 1, 2012, WHICH ARE INCORPORATED HEREIN BY REFERENCE, AND RFENEWED [sic] AT TRIAL, THE COURT ERRED BY OMITTING TO PROPERLY RULE ON THE SUPPRESSION MOTION FOR THE SEARCH WARRANT AND TO SUPPRESS THE EVIDENCE OF SUCH SEARCH AND THE FRUITS THEREOF, INASMUCH AS THE SEARCH WARRANT'S AFFIDAVIT DEPENDED UPON TAINTED INFORMATION AND FAILED TO STATE PROBABLE CAUSE.

XXIV. AS SET FORTH IN PARAGRAPHS 15 AND 16 OF THE OMNIBUS PRE-TRIAL MOTION, FILED OF RECORD ON MARCH 1, 2012, WHICH ARE INCORPORATED HEREIN BY REFERNCE [sic], AND RENEWED AT TRIAL, THE COURT ERRED BY OMITTING TO PROPERLY RULE ON THE SUPPRESSION MOTION FOR THE STATEMENTS AND TO SUPPRESS THE EVIDENCE OF SUCH STATEMENTS AND THE FRUITS THEREOF, INASMUCH AS, UNDER THE TOTALITY OF THE CIRCUMSTANCES, THE ORAL STATEMENTS WERE CUSTODIAL, AND OBTAINED WITHOUT MIRANDA WARNINGS, AND INVOLUNTARY.

XXV. THE COURT ERRED BY DENYING APPELLANT'S REQUEST BOTH AT TRIAL TO RE-OPEN THE CASE TO ALLOW APPELLANT TO PRESENT A MATERIAL WITNESS BY DENYING APPELLANT'S POST-SENTENCE REQUEST FOR A NEW TRIAL BASED UPON SAID ISSUE.

XXVI. THE COURT ERRED BY PERMITTING THE COMMONWEALTH TO AMEND THE CRIMINAL INFORMATION TO INCLUDE AN ADDITIONAL COUNT OF AGGRAVATED ASSAULT BY VEHICLE WHILE DUI, A COUNT OF POSSESSION OF SMALL AMOUNT, AND A COUNT OF POSSESSION OF DRUG PARAPHERNALIA AS SAID AMENDMENTS CAUSED PREJUDICE TO DEFENDANT.

XXVII. THE COURT ABUSED ITS DISCRETION AND ERRED BY MISCALCULATING APPELLANT'S PRIOR RECORD SCORE WITH RESPECT TO APPELLANT'S PRIOR CONVICTIONS INASMUCH AS APPELLANT ASSERTS THAT THIS PRIOR RECORD SHOULD HAVE BEEN CALCULATED AS A ONE (1), AND BY FAILING TO GIVE PROPER CONSIDERATION TO APPELLANT'S REHABILITATIVE NEEDS.

Appellant's brief at 7-16.

- 11 -

Before addressing the multitude of issues raised on appeal, we find it necessary to reiterate former Justice Sandra Newman's admonishment to all appellate advocates who labor under the misguided belief that raising as many issues as possible constitutes effective appellate advocacy:

> The approach to appellate advocacy embarked on by present counsel for Appellant brings to mind the words of the Honorable Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit:
>
>> With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. I have said in open court that when I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to **any** of them . . . [and] it is [this] presumption . . . that reduces the effectiveness of appellate advocacy.
>
> Aldisert, "The Appellate Bar: Professional Competence and Professional Responsibility-A View From the Jaundiced Eye of the Appellate Judge," 11 Cap. U.L. Rev. 445, 458 (1982) (emphasis in original).
>
> Though much quoted by members of the judiciary, this passage often "rings hollow," as demonstrated by the present case. While we certainly understand the duty of the attorney to be a zealous advocate, we pose that conduct such as what we presently encounter does not advance the interests of the parties and, if anything, is a disservice to the client. *See*, *e.g.*, *United States v. Hart*, 693 F.2d 286, 287 (3d Cir.1982) ("[b]ecause of the inordinate number of meritless objections pressed on appeal, spotting the one bona fide issue was like finding a

needle in a haystack"); *also Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137, 1140 (1993) ("[w]hile criminal defendants often believe that the best way to pursue their appeals is by raising the greatest number of issues, actually, the opposite is true: selecting the few most important issues succinctly stated presents the greatest likelihood of success"). As observed by Justice Robert H. Jackson:

> Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one . . . [E]xperience on the bench convinces me that **multiplying assignments of error will dilute and weaken a good case** and will not save a bad one."

Jackson, "Advocacy Before the United States Supreme Court," 25 Temple L.Q. 115, 119 (1951) (emphasis supplied). *See also Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) ("Th[e] process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy"); *Jones v. Barnes*, 463 U.S. at 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (observing that "[e]xperienced advocates since time beyond memory emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues"); *Buehl v. Vaughn*, 166 F.3d 163, 174 (3d Cir.1999) (commenting that "[o]ne element of effective appellate strategy is the exercise of reasonable selectivity in deciding which arguments to raise"). Though we are mindful of the ramifications of our decisions in capital cases, no circumstance gives carte blanche for the borderline

> abuse of the legal system as represented by the conduct of Appellant's present attorney in this matter.

***Commonwealth v. Robinson***, 864 A.2d 460, 479-480 n.28 (Pa. 2004),

***cert. denied***, ***Robinson v. Pennsylvania***, 546 U.S. 983 (2005).

This form of appellate advocacy is a disservice to court and client alike. It not only creates a presumption that there are no issues of merit, it also invites cursory review. With these thoughts in mind, we turn to the issues on appeal.

In his first eleven issues, appellant challenges the sufficiency of the evidence as to each of his twelve convictions. Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses

> and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa.Super. 2014), quoting

***Commonwealth v. Phillips***, 93 A.3d 847, 856 (Pa.Super. 2014) (citations

omitted; bracketed material in original).

In Issue I, appellant challenges the sufficiency of the evidence as to

aggravated assault by vehicle while DUI.  This offense is defined as follows:

> **(a)  Offense  defined.--**Any  person  who negligently  causes  serious  bodily  injury  to another  person  as  the  result  of  a  violation  of section  3802  (relating  to  driving  under influence  of  alcohol  or  controlled  substance) and  who  is  convicted  of  violating  section  3802 commits  a  felony  of  the  second  degree  when the violation is the cause of the injury.

75 Pa.C.S.A. § 3735.1(a).

McKenna Sipes testified that Kyle Frankenberry was driving normally,

and Frankenberry testified that he had to swerve to try to avoid colliding

with appellant's vehicle.  Trooper Bonin testified that appellant admitted

entering the opposite lane of travel.  From this, jurors could conclude that

Frankenberry  was  driving  his  vehicle  in  the  appropriate  lane  and  that

appellant had negligently entered Frankenberry's lane of travel.  Bonin also

testified that appellant was under the influence of alcohol and incapable of

safe travel at the time of the accident.  Finally, both Frankenberry and Sipes

described  the  continuing  effects  their  injuries  have  had  on  their  lives,

including ongoing pain when standing.  Both also described their inability to

perform athletically as they had in the past. The Vehicle Code describes serious bodily injury as follows:

> **"Serious bodily injury."** Any bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.

75 Pa.C.S.A. § 102.

The injuries described by Frankenberry and Sipes amount to protracted impairment of their ability to stand and perform athletically. Therefore, the jury could have concluded that appellant was driving under the influence, that his inebriation caused him to drive negligently, and that his negligence resulted in serious bodily injury to two separate victims. There was sufficient evidence to support two separate counts of aggravated assault by vehicle while DUI.

In Issue II, appellant challenges the sufficiency of the evidence as to accidents involving death or personal injury while not properly licensed. This offense is defined as follows:

> **(a)** **Offense defined.--**A person whose operating privilege was disqualified, canceled, recalled, revoked or suspended and not restored or who does not hold a valid driver's license and applicable endorsements for the type and class of vehicle being operated commits an offense under this section if the person was the driver of any vehicle and caused an accident resulting in injury or death of any person.

75 Pa.C.S.A. § 3742.1(a).

From our previous discussion, there was evidence from which the jury could conclude that appellant caused the accident at issue and that the victims suffered personal injury. Appellant stipulated at trial that his license was suspended at the time of the accident. Therefore, the evidence was sufficient to support appellant's conviction for accidents involving death or personal injury while not properly licensed.

In Issue III, appellant challenges the sufficiency of the evidence as to possession of a small amount of marijuana for personal use. Appellant's argument in this regard questions whether there was any amount of marijuana found and whether possession was adequately proven. Trooper Bonin testified that the pipe contained a small amount of marijuana. That is sufficient to prove that appellant possessed some amount of marijuana. We also find that the evidence supported a finding of constructive possession by appellant:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Kinard*, 95 A.3d 279, 292 (Pa.Super. 2014), quoting *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super.2012), *appeal*

***denied***, 63 A.3d 1243 (Pa. 2013) (internal quotation marks and citation omitted).

The marijuana was found in the center console of appellant's vehicle, which is immediately beside and well within the reach of appellant. Moreover, appellant was the only person in the vehicle. Clearly, appellant, and only appellant, had conscious dominion over the marijuana. There was sufficient evidence to support appellant's conviction for possession of a small amount of marijuana for personal use.

In Issue IV, appellant challenges the sufficiency of the evidence as to possession of drug paraphernalia. Appellant questions whether appellant possessed the marijuana pipe that was found. For the reasons previously stated, we find that the evidence was sufficient to conclude that appellant constructively possessed the marijuana pipe. Thus, there was sufficient evidence to support appellant's conviction for possession of drug paraphernalia.

In Issue V, appellant challenges the sufficiency of the evidence as to DUI general impairment. Trooper Bonin testified as to the indications that appellant was under the influence of alcohol and that he was of the opinion that appellant was incapable of safe driving. This is sufficient to support appellant's conviction for DUI general impairment. Appellant's argument points to equivocating testimony by Bonin or to other evidence that appellant may not have been under the influence. As such, the argument

goes to the weight of the evidence and not the sufficiency. It is well settled that in reviewing the sufficiency of the evidence, an appellate court may not weigh the evidence and substitute its judgment for the fact-finder. ***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa.Super. 2014), ***appeal denied***, 95 A.3d 275 (Pa. 2014). Finally, to the extent that appellant's issue questions whether he refused chemical testing, Bonin testified that he refused and then signed a document to that effect.

In Issue VI, appellant challenges the sufficiency of the evidence as to habitual offenders. Appellant has abandoned this issue on appeal.

In Issue VII, appellant challenges the sufficiency of the evidence as to reckless driving. Reckless driving is defined as follows:

> **(a)** **General rule.--**Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

75 Pa.C.S.A. § 3736(a).

The testimony of Frankenberry and Sipes, as well as Bonin's testimony that appellant admitted entering the opposite lane of travel, is sufficient to support appellant's conviction for reckless driving.

In Issue VIII, appellant challenges the sufficiency of the evidence as to restriction on alcoholic beverages. This offense is defined as follows:

> **(a)** **General rule.--**Except as set forth in subsection (b), an individual who is an operator or an occupant in a motor vehicle may not be in possession of an open alcoholic beverage container or consume a controlled

> substance as defined in the act of April 14, 1972 (P.L.233, No.64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or an alcoholic beverage in a motor vehicle while the motor vehicle is located on a highway in this Commonwealth.

75 Pa.C.S.A. § 3809(a) (footnote omitted).

Trooper Bonin testified that appellant had several open beer cans in his car. Bonin also testified that he opened the whiskey flask and that it contained a liquid with an odor of alcohol. This was sufficient evidence to support appellant's conviction for restriction on alcoholic beverages.

In Issue IX, appellant challenges the sufficiency of the evidence as to driving under suspension, DUI related. Appellant has abandoned this issue on appeal.

In Issue X, appellant challenges the sufficiency of the evidence as to driving on roadways laned for traffic. This offense is defined as follows:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others not inconsistent therewith shall apply:
>
> **(1) Driving within single lane.--**A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety.

75 Pa.C.S.A. § 3309.

The testimony of Frankenberry and Sipes, as well as Bonin's testimony that appellant admitted entering the opposite lane of travel, is sufficient to support appellant's conviction for driving on roadways laned for traffic.

In Issue XI, appellant challenges the sufficiency of the evidence as to careless driving. Careless driving is defined as follows:

> **(a) General rule.--**Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.

75 Pa.C.S.A. § 3714(a).

Again, the testimony of Frankenberry and Sipes, as well as Bonin's testimony that appellant admitted entering the opposite lane of travel, is sufficient to support appellant's conviction for careless driving.

In Issues XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, and XX, appellant contends that various of his convictions are against the weight of the evidence.[3] We note our standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. ***Commonwealth v. Widmer***, 560 Pa. 308, 319, 744 A.2d 745, 751-52 (2000); ***Commonwealth v. Brown***, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. ***Widmer***, 560 Pa. at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts,

---

[3] Appellant has abandoned on appeal the weight of the evidence claims raised at Issues XIV and XVIII.

certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" ***Id.*** at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Brown***, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim ***is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence***. ***Brown***, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 467 Pa. 50, 354 A.2d 545 (Pa.1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Widmer***, 560 Pa. at 321-22, 744 A.2d at 753 (emphasis added).

***Commonwealth v. Clay***, 64 A.3d 1049, 1054-1055 (Pa. 2013).

In these issues, appellant revisits the various evidence presented on each conviction and how certain evidence mitigates against conviction. However, as noted in **Clay**, this court does not reweigh the evidence; but rather, this court only reviews how the trial court has analyzed the weight of the evidence. Consequently, we will not discuss the various evidence as to each conviction, but will only review the trial court's review.

In its opinion, the trial court identified the correct standard by which it was to assess the weight of the evidence ("when the jury's verdict is so contrary to the evidence as to shock one's sense of justice"), and then concluded that the jury's verdict was consistent with the evidence. (Trial court opinion, 9/17/12 at 3.) We find that the trial court acted within its discretion.

In Issue XXI, appellant argues that the trial court erred in failing to sever from his trial the counts pertaining to accidents involving death or personal injury while not properly licensed, habitual offenders, and driving under suspension, DUI related, because proof of these crimes requires revealing to the jury that appellant has committed prior bad acts. Our standard of review states, "[w]hether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." **Commonwealth v. Armstrong**, 74 A.3d 228, 233 (Pa.Super. 2013), **appeal denied**, 84 A.3d 1061 (Pa. 2014).

We find no prejudice or clear injustice to appellant. Appellant's license suspension and habitual offender status were presented to the jury by way of stipulation, and no detail of any of appellant's prior offenses was revealed. As for the driving under suspension, DUI related, which would improperly reveal to the jury that appellant had previously committed DUI, this was a summary offense tried separately by the court.

In Issue XXII, appellant asserts that the trial court erred in failing to suppress the fruits of Trooper Bonin's warrantless vehicle search which appellant contends was not supported by exigency or other basis.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Perel***, 107 A.3d 185, 188 (Pa.Super. 2014), quoting

***Commonwealth v. Jones***, 988 A.2d 649, 654 (Pa. 2010) (citations

omitted), ***cert. denied***, ***Jones v. Pennsylvania***, 562 U.S. 832 (2010).

We find that Trooper Bonin had probable cause to search appellant's

car. Appellant had just been involved in a vehicular accident and appeared

to be under the influence of alcohol. As this implicated the violation of

several offenses, Bonin had probable cause to search the car for further

evidence of DUI. Our supreme court recently decided that Pennsylvania's

automobile exception to the warrant requirement was in accord with current

federal jurisprudence; that is, that only probable cause and no exigency

beyond the inherent mobility of a motor vehicle is required to permit a

warrantless vehicle search. ***Commonwealth v. Gary***, 91 A.3d 102 (Pa.

2014).[4] The trial court properly declined to suppress the evidence here.

In Issue XXIII, appellant argues that the search warrant that was

subsequently granted for his car was not supported by probable cause and

the evidence should have been suppressed. Our analysis of the preceding

issue leads us to conclude that there is no merit here.

---

[4] The decision in ***Gary*** was decided by a six-justice court. In an Opinion Announcing the Judgment of the Court, former Justice McCaffery, speaking for former Chief Justice Castille and Justice Eakin, adopted the federal automobile exception for warrantless vehicle searches. Chief Justice Saylor wrote a Concurring Opinion that joined the lead Opinion in adopting the federal rule, but expressed concerns with the adoption of a bright line rule. Justice Todd wrote a Dissenting Opinion that was joined by Justice Baer. Former Justice Orie Melvin did not participate.

In Issue XXIV, appellant claims that his on-the-scene statement to Trooper Bonin that he had three or four beers and his later statement to his mother that he had five or six beers should have been suppressed as he was in custody at the time of each statement and had not been given *Miranda* warnings.[5]

> Statements made during custodial interrogation are presumptively involuntary, unless the accused is first advised of her *Miranda* rights. *Commonwealth v. DiStefano*, 782 A.2d 574, 579 (Pa.Super. 2001), *appeal denied*, 569 Pa. 716, 806 A.2d 858 (2002). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of [her] freedom of action in any significant way." *Miranda* [*v. Arizona*], *supra* [384 U.S. 436] at 444, 86 S.Ct [1602] at 1612, 16 L.Ed.2d [694] at 706 [(1966)]. "[T]he *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." *Commonwealth v. Gaul*, 590 Pa. 175, 180, 912 A.2d 252, 255 (2006), *cert. denied*, 552 U.S. 939, 128 S.Ct. 43, 169 L.Ed.2d 242 (2007).

*Commonwealth v. Kunkle*, 79 A.3d 1173, 1179-1180 (Pa.Super. 2013) *appeal denied*, ___ A.3d ___ (Pa. April 22, 2015), quoting *Commonwealth v. Williams*, 941 A.2d 14, 30 (Pa.Super. 2008).

First, appellant was not in custody at the time he made his statement at the accident scene. Trooper Bonin had just arrived at the accident scene and was not even aware yet that any crime had occurred when he asked appellant how much he had had to drink. Second, it is unclear from the

---

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

testimony whether Trooper Bonin had yet arrested appellant when he made the second statement to his mother at their residence, but there was no reason to suppress the second statement either. Appellant was not responding to a question from Bonin or any other police officer, but either made the statement spontaneously, or made it upon inquiry from his mother. (Notes of testimony, 3/6/12 at 193-194.) Thus, even if appellant was in custody at the time, he was not being subjected to police interrogation. The statements were properly not suppressed.

In Issue XXV, appellant contends that the trial court erred in failing to permit the record to be re-opened so that the defense could present an unsubpoened defense witness who appeared at court after the record had been closed. This witness was Tim College who would have testified that on the day of the accident appellant met him at a bar where they each consumed one beer and then went to College's residence where they each consumed another beer. (Notes of testimony, 3/7/12 at 197-198.) Apparently, appellant was with Mr. College until 4:30 p.m., and the accident occurred at 7:30 p.m. (**Id.** at 198.)

"Under the law of this Commonwealth a trial court has the discretion to reopen a case for either side, prior to the entry of final judgment, in order to prevent a failure or miscarriage of justice." **Commonwealth v. Baldwin**, 8 A.3d 901, 903 (Pa.Super. 2010), **affirmed**, 58 A.3d 754 (Pa. 2012), quoting **Commonwealth v. Tharp**, 575 A.2d 557, 558-559 (Pa. 1990). We find no

abuse of discretion in the trial court's choice not to re-open the record. College's testimony carried little exculpatory value because he could not account for appellant's activity between 4:30 and 7:30, a three-hour period during which appellant had sufficient time to consume a large amount of alcohol.

In Issue XXVI, appellant asserts that the trial court erred in permitting the Commonwealth to amend the criminal information to add a second count of aggravated assault by vehicle while DUI, possession of a small amount of marijuana, and possession of drug paraphernalia.

> Relief is only proper where the amendment prejudices the defendant. **See** [**Commonwealth v. Sinclair**, 897 A.2d 1218 (Pa.Super.2006)] at 1223. A court must consider a number of factors in determining whether an amendment results in prejudice:
>
>> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

**Commonwealth v. Veon**, 109 A.3d 754, 768 (Pa.Super. 2015), quoting **Sinclair**.

We see no prejudice to appellant. The order amending the criminal information was dated September 29, 2011, and was entered October 4, 2011. Trial did not begin until March 6, 2012; thus, appellant had over five months to prepare for these new charges. Moreover, as to the most serious charge, aggravated assault by vehicle while DUI, appellant was already on notice that he had to prepare a defense to an initial count of this offense, and any defense to this additional count would likely be nearly identical to the initial count. We see no merit here.

In Issue XXVII, appellant contends that the trial court miscalculated his prior record score and that his sentence is excessive by failing to give proper consideration to his rehabilitative needs. Preliminarily, we observe that appellant has abandoned on appeal the issue pertaining to the calculation of his prior record score; hence, we are reviewing the discretionary aspects of appellant's sentence only.

> Such a challenge must be considered a petition for permission to appeal. **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa.Super. 2007). The Rules of Appellate Procedure mandate that, to obtain review of the discretionary aspects of a sentence, the appellant must include in his brief a Concise Statement of Reasons Relied Upon for Allowance of Appeal. **See** Pa.R.A.P. 2119(f). This statement must "raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." **Commonwealth v. Flowers**, 950 A.2d 330, 331 (Pa.Super. 2008).

**Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa.Super. 2011).

Appellant has included in his brief the requisite concise statement in which he asserts that the sentence imposed was so manifestly excessive as to constitute too severe a punishment. We note that this has been held to raise a substantial question. *Id.* Thus, we will review the discretionary aspects of appellant's sentence.

The trial court announced at sentencing that it had a pre-sentence report. (Notes of testimony, 5/7/12 at 3.) As such, the court is presumed to have considered all relevant sentencing factors:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Thus, there is no merit to appellant's assertion that the court did not consider his rehabilitative needs in imposing his sentence. Moreover, the

trial court stated that because of positive factors in appellant's behalf, it would not impose an aggravated range sentence. (Notes of testimony, 5/7/12 at 58.) However, the court also reviewed appellant's horrendous driving record, which included at least one prior DUI, and concluded that any sentence less than one at the top of the standard range would depreciate the seriousness of the victims' injuries and the offenses involved. (*Id.* at 58-59.) As such, we find no abuse of discretion in appellant's sentence.

Accordingly, having found no merit to the issues on appeal, we will affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2015