**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WALTER R. POWELL, | |
| Appellant | No. 551 MDA 2015 |

Appeal from the Judgment of Sentence December 8, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000647-2014

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:  **FILED FEBRUARY 26, 2016**

Walter R. Powell appeals from the judgment of sentence of five to ten years imprisonment that the trial court imposed after it adjudicated him guilty at a nonjury trial of failing to comply with the registration requirements imposed by the Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10, *et seq*.  We affirm.

The following facts are undisputed.  Appellant was a Tier III sexual offender under SORNA, and, as such, Appellant was required to register his residence with the Pennsylvania State Police for life.  42 Pa.C.S. § 9799.15(a)(3) ("An individual convicted of a Tier III sexual offense shall register for the life of the individual.").  SORNA also mandated that Appellant appear in person at an approved registration site within three business days

---

* Former Justice specially assigned to the Superior Court.

to provide current information relating to a change in residence.  42 Pa.C.S. § 9799.15(g)(2) (an individual required to register "shall appear in person at an approved registration site within three business days to provide current information relating to . . . [a] . . .change in residence[.]"  An approved registration site is defined as a "site in this Commonwealth approved by the Pennsylvania State Police at which individuals subject to this subchapter may comply with this subchapter."  42 Pa.C.S. § 9799.12.

Tina Penikowski Randazzo testified as follows at trial.  She was a property manager for the Cadle Company, owner of a duplex located at 54 Gates Street, Wilkes-Barre.  On December 17, 2013, Appellant applied to rent the second floor apartment at 54 Gates Street for the calendar year beginning on January 1, 2014.  In that document, Appellant indicated that he resided on the first floor of 291 South Grant Street, Wilkes-Barre, and represented that he had never been convicted of a crime.  Having been recommended by another tenant, Appellant's rental application was approved.  On December 31, 2013, he made a cash deposit of $900 to reside in the apartment, which was being rented for $425 per month, and received the keys.

Appellant had started to move into the apartment on January 2, 2014, when Ms. Randazzo conducted an inspection at his apartment at 54 Gates Street.  That witness reported that Appellant "had the apartment beautifully

decorated" and "was getting things together and settling in[.]" N.T. NonJury Trial, 9/24/14, at 30, 31.

Wilkes-Barre Police Officer James Comny testified as follows. At approximately 7:50 a.m. on January 10, 2014, he and another identified officer responded to an emergency call at 54 Gates Street relating to a physical domestic dispute. As they proceeded up the rear stairwell, the officers "could hear screaming and commotion coming from inside the residence[.]" *Id*. at 41. After they knocked on the door, it was opened by Cathy Moore, who was bleeding from what appeared to be a slash caused by a knife or other sharp object. Ms. Moore allowed Officer Comny and the other officer into the apartment, where they observed Appellant. An ambulance was summoned to treat Ms. Moore's laceration.

Appellant, who was in his pajamas, told police that he was defending himself and also said that "he was the sole resident of 54 Gates Street, second floor, and that Ms. Moore did not live there. It was his apartment." *Id*. at 44. Officer Comny stated that the residence appeared as though someone was living there. Specifically, there was bedroom furniture, a kitchen table, a couch, and a television.

Officer Comny conducted a criminal background check on Appellant and discovered that he was a Tier III sex offender required to register his address with the Pennsylvania State Police. The officer then ascertained

that the State Police still had 291 South Grant Street as Appellant's registered address.

On January 23, 2014, Officer Comny arrested Appellant for failing to notify State Police within three business days that he had changed his residence from 291 South Grant Street to 54 Gates Street in violation of 42 Pa.C.S. § 9799.15(g)(2). Appellant was located in the apartment on the second floor of 54 Gates Street at the time of his arrest, although his registered address with the State Police remained 291 South Grant Street.

Appellant testified in his own defense. He maintained that he still resided at 291 South Grant Street during January 2014 and that he was located at 54 Gates Street on January 10th because 291 South Grant Street was being fumigated for vermin and insects. Appellant represented that he was in the process of moving into 54 Gates Street during January but did not plan to reside there until the end of the month and that he still received mail at 291 South Grant Street.

Rejecting Appellant's testimony and crediting the Commonwealth's proof, the trial court found Appellant guilty of violating 18 Pa.C.S. § 4915.1(a)(1), which was graded as a first-degree felony herein due to the fact that Appellant was previously convicted of failing to keep his registered address current. 18 Pa.C.S. § 4915.1(c)(2). At sentencing, the trial court

imposed a mandatory minimum sentence of a five to ten year term of imprisonment.[1] On appeal, Appellant raises one claim: "Whether the

_____

[1] While Appellant does not challenge the imposition of this mandatory minimum, such an issue relates to the legality of sentence and may be raised *sua sponte* by this Court. ***Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa.Super. 2013) (*en banc*). Mandatory minimum sentencing statutes have been impacted by ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). In that decision, the United States Supreme Court held that any fact, other than a prior conviction, that triggers a mandatory minimum sentence must be proven beyond a reasonable doubt before the factfinder. This decision has rendered many of Pennsylvania's mandatory minimum sentencing statutes infirm. ***See***, ***e.g.***, ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (*en banc*); ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa.Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015).

In this case, Appellant was subject to a five-year mandatory minimum sentence due to his prior conviction for failing to register. 42 Pa.C.S. § 9718.4(2)(2)(i). Since the mandatory minimum herein was premised upon a prior conviction, ***Alleyne*** is not implicated. ***See Commonwealth v. Miller***, 102 A.3d 988, 995 n. 5 (Pa.Super. 2014) (no ***Alleyne*** violation where the increase in the defendant's minimum sentence was "based on the fact of prior convictions"); ***see also Commonwealth v. Valentine***, 101 A.3d 801, 804 n.2 (Pa.Super. 2014) (citation omitted; emphasis added) ("The ***Alleyne*** decision renders those Pennsylvania mandatory minimum sentencing statutes **that do not pertain to prior convictions** constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.").

In addition, in light of ***Alleyne***, we have addressed the constitutionality of a different section of 42 Pa.C.S. § 9718.4, which was the statute applied herein. ***Commonwealth v. Pennybaker***, 121 A.3d 530 (Pa.Super. 2015). Specifically, we examined subsection (a)(1)(iii), which imposes a two-year mandatory minimum upon a first conviction of failing to register. In ***Pennybaker***, we concluded that § 9718.4(a)(1)(iii) was not infirm because, by imposing a mandatory minimum upon conviction of the crime by the fact-finder, it "does not provide for any fact-finding, nor does it
*(Footnote Continued Next Page)*

Commonwealth failed to present evidence sufficient to demonstrate beyond a reasonable doubt that [Appellant's] residence had changed to require [Appellant] to register with the Pennsylvania State Police as required by 18 Pa.C.S. § 4915.1(a)(1)?" Appellant's brief at 1-2.

When reviewing a sufficiency-of-the-evidence claim, we examine whether the Commonwealth's evidence, together with all reasonable inferences to be draw therefrom, was enough to "enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Best**, 120 A.3d 329, 341 (Pa.Super. 2015). This Court is not permitted to "weigh the evidence and substitute our judgment for the fact-finder." **Id**. Rather, the fact-finder decides "the credibility of witnesses and the weight of the evidence produced" and it is "free to believe all, part or none of the evidence." **Id**. Moreover, "[a]ny doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Id**.

As noted, Appellant was convicted of failing to notify State Police of a change in residence, in violation of 18 Pa.C.S. § 4915.1(a)(1), which states:

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

make the application of the mandatory minimum sentence contingent on any factual question that has not already been determined." **Id**. at 534.

**(a) Offense defined.--**An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:

(1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police);

(2) verify his address or be photographed as required under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25; or

(3) provide accurate information when registering under 42 Pa.C.S. § 9799.15, 9799.19 or 9799.25.

As noted, Appellant was a Tier III sexual offender and had to register his residence with the Pennsylvania State Police for life. 42 Pa.C.S. § 9799.15(a)(3). Thus, he was required under SORNA to appear in person at an approved registration site within three business days to provide current information relating to a change in residence. 42 Pa.C.S. § 9799.15(g)(2).

The evidence herein was that Appellant signed a lease for 54 Gates Street, Wilkes-Barre, and paid for two months' rental on December 31, 2013. He had decorated that apartment when the property manager inspected it on January 2, 2014. When police arrived at 54 Gates Street in response to a domestic disturbance on January 10, 2014, Appellant said that he lived in the apartment alone. This fact was confirmed by the presence of furniture and Appellant's attire, pajamas, at 8:00 a.m. in the morning. Officer Comny testified that he checked with State Police on January 10, 2014, and they had Appellant's registered address as his former residence

on 291 South Grant Street, Wilkes-Barre. Appellant was located at the Gates Street apartment when he was arrested on January 23, 2014. This proof was sufficient to establish that Appellant moved to 54 Gates Street by January 2, 2014, and did not change his registration within three business days.

On appeal, Appellant's position is premised upon his own testimony, which was that he was in the process of moving to 54 Gates Street during January 2014 and that he still resided at 291 South Grant Street. In this sufficiency review, we cannot accept that testimony as true since the fact-finder rejected it. Trial Court Opinion, 6/5/15, at (unnumbered page) 4. ("We resolved all issues of credibility in favor of the Commonwealths' witnesses and against the Defendant."). Appellant's argument is therefore unavailing, and we must affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/26/2016

- 8 -