J-S02037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTEMUS DAWSON | |
| Appellant | No. 2251 EDA 2015 |

Appeal from the Judgment of Sentence July 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007756-2015

BEFORE: FORD ELLIOTT, P.J.E., STABILE, J., and MOULTON, J.

MEMORANDUM BY MOULTON, J.:                    **FILED JUNE 05, 2017**

Artemus Dawson appeals from the July 13, 2015 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his convictions for simple assault and aggravated assault.[1]  We affirm.

The trial court set forth the following facts:

> On June 8, 2012, at approximately 11:00 p.m., the complainant arrived home where she lived with her son. At the same time, [Dawson] arrived at the house to visit their three month old son.  Because the complainant believed [Dawson] was drunk, she told him he had to leave.  The complainant entered her home with the baby, [Dawson] followed.  The complainant then put the baby down on a bed in the front room of the house and told [Dawson] to leave.
>
> Following repeated attempts by the complainant to get [Dawson] to leave, [Dawson] punched the complainant on

---

[1] 18 Pa.C.S. §§ 2701(a)(1) and 2702(a)(1), respectively.

the left side of her face. The complainant then punched [Dawson] back and tried to run to get her phone. [Dawson] began to hit her repeatedly all over her body. When she began to scream for the baby, [Dawson] grabbed her by the hair and dragged her into the bathroom. In the bathroom, [Dawson] threatened to kill her and began to choke her. They fell into the bathtub. While in the bathtub [Dawson] bit the complainant on the neck. After the complainant regained her footing, [Dawson] began punching her, causing a cut to her ear. [Dawson] again told the complainant he was going to kill her and make her as ugly on the outside as she was in the inside.

[Dawson] stopped punching the complainant after she begged him to stop and promised not to tell anyone. [Dawson] ordered the complainant to clean herself up and informed her he wanted to sleep with her. Because the complainant was scared, she agreed. [Dawson] vaginally penetrated her with his penis and ejaculated. When [Dawson] left the room, the complainant texted a friend. The complainant told the friend that she needed help and if she called to police, not to let them leave. The friend did call the police who then went to the house and arrested [Dawson].

The complainant was taken to the Special Victims Unit where she gave a statement to Officer [Beverly] Graham. The complainant was then taken to the Philadelphia Sexual Assault and Rape Center. The complainant was examined by LaTia Rivera, a sexual assault nurse examiner. Nurse Rivera's examination of the complainant showed she had swelling, bruising, erythemas, and tenderness all over her body.[11] After her examination, Nurse Rivera sent the complainant to the emergency room due to the damage to her face.

[11] There was bruising and an erythema on her eyes. Her ears had an erythema, a laceration, and tenderness. The complainant had swelling, bruising, an erythema, and tenderness on her mouth. She had bruising, an erythema and tenderness on her neck. There was bruising, an erythema, an abrasion, and tenderness on her upper extremities. She also

> had bruising, an erythema, and tenderness on her chest, breast, and back.

1925(a) Opinion, 2/10/16, at 2-3 ("1925(a) Op.") (internal citations omitted).

On March 13, 2015, a jury convicted Dawson of simple and aggravated assault. On July 13, 2015, the trial court sentenced Dawson to 6 to 15 years' incarceration. Dawson did not file a post-sentence motion. On July 22, 2015, Dawson filed a timely notice of appeal. The trial court ordered Dawson to file a Pennsylvania Rule of Appellate Procedure 1925(b) statement of matters complained of on appeal; Dawson did not comply. On October 23, 2015, the trial court issued an opinion finding Dawson's issues waived for failing to comply with Rule 1925(b). Following Dawson's motion for remand, we remanded this matter to the trial court for the filing of a Rule 1925(b) statement and a Rule 1925(a) supplemental opinion. On November 27, 2015, Dawson filed a Rule 1925(b) statement. On February 10, 2015, the trial court filed its Rule 1925(a) opinion.

On appeal, Dawson argues that the evidence was insufficient to convict him of aggravated assault.

To preserve a sufficiency of the evidence claim on appeal, the appellant's Rule 1925(b) statement "must 'specify the element or elements upon which the evidence was insufficient.'" *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009) (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa.Super. 2008)). If the Rule 1925(b) statement fails

to "specify the allegedly unproven elements, . . . the sufficiency issue is waived." **Williams**, 959 A.2d 1257.

Here, Dawson's Rule 1925 statement states: "The evidence was insufficient to convict Appellant Art Dawson of Aggravated Assault (18 § 2702 §§ A1), and Simple Assault (18 § 2701 §§A1)." 1925(b) Stmt. The trial court found that Dawson had waived his sufficiency claim. 1925(a) Op. at 4. Because Dawson failed to "specify the element or elements upon which the evidence was insufficient," **Gibbs**, 981 A.2d at 281 (quoting **Williams**, 959 A.2d at 1257), we agree.

Even if Dawson had preserved his claim, it is meritless.[2] Dawson claims that there was insufficient evidence to convict him of aggravated assault because there was no serious bodily injury. Dawson further argues that this was a mere "unpleasant confrontation" and that he did not manifest extreme indifference to the value of human life. Dawson's Br. at 14. He contends "[t]here was no attempt or injury which created a substantial risk of death or which caused serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." **Id.**

We apply the following standard when reviewing a sufficiency of the evidence claim:

_____

[2] In his brief, Dawson has abandoned his sufficiency claim as to his simple assault conviction and argues only that there was insufficient evidence for his aggravated assault conviction.

[W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Best*, 120 A.3d 329, 341 (Pa.Super. 2015) (quoting

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super. 2014)).

"A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1).

Serious bodily injury is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

The trial court found that

- 5 -

the evidence established that [Dawson] entered the complainant's home where he punched her first on her face then all over her body. [Dawson] then dragged her by the hair into the bathroom where he continue[d] to punch her and choke her. While in the bathroom [Dawson] told the complainant that he was going to kill her. [Dawson] continued to punch her which resulted in a cut on her ear. [Dawson] then threatened the complainant once more telling her he was going to kill her and make her as ugly on the outside as she was on the inside.

The jury also heard testimony from a sexual assault nurse examiner who examined the complainant. Nurse Rivera testified that she observed numerous areas of swelling, bruising, erythemas, lacerations and tenderness all over the complainant's body. Nurse Rivera also testified that she sent the complainant to the Emergency Room because she was particularly concerned with the left side of her face. The evidence on the record supports the jury's guilty verdict of aggravated assault. The jury reasonably concluded that there was sufficient evidence to prove [Dawson] assaulted the complainant with the intent to cause serious bodily injury.

1925 (a) Op. at 5-6 (internal citations omitted).

We agree with the trial court's cogent reasoning and conclude that the Commonwealth presented sufficient evidence from which a reasonable jury could find Dawson guilty of aggravated assault.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2017

- 6 -