J-A14001-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MAURICE BAILEY | : | |
| Appellant | : | No. 173 WDA 2018 |

Appeal from the Judgment of Sentence October 23, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014654-1993

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                                 FILED JUNE 14, 2019

Maurice Bailey appeals, from the judgment of sentence entered on October 23, 2017, in the Allegheny County Court of Common Pleas.  The trial court resentenced Bailey to a term of 35 years to life imprisonment for his 1994 conviction of first-degree murder, after he was granted post-conviction collateral relief pursuant to Montgomery v. Louisiana, 136 S.Ct. 718 (U.S. 2016), from his original sentence of life imprisonment without the possibility of parole ("LWOP").  On appeal, Bailey challenges the discretionary aspects of his sentence.  For the reasons below, we affirm.

The facts of Bailey's underlying conviction are not pertinent to our disposition of his appeal.  We briefly note that, on September 24, 1994, a jury convicted Bailey of stabbing and beating his pregnant, fifteen-year-old girlfriend to death.  Bailey was also fifteen at the time of the offense.

On April 10, 1995, the court sentenced him to LWOP. This Court affirmed the judgment of sentence on May 17, 1996, and Bailey did not seek leave to appeal to the Pennsylvania Supreme Court. See Commonwealth v. Bailey, 679 A.2d 842 (Pa. Super. 1996) (unpublished memorandum).

Pertinent to the instant appeal, on July 9, 2012, Bailey filed a serial petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"),[1] in which he argued his sentence was illegal pursuant to the United States Supreme Court's decision in Miller v. Alabama, 567 U.S. 460 (2012).[2] After the filing of several amended PCRA petitions and several stays, Bailey filed a motion for resentencing pursuant to Montgomery, supra.[3] On April

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The Miller Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Id. at 465. The Court also held that a trial court is not foreclosed from imposing a sentence of life imprisonment without parole on a juvenile; however, before doing so the court is required to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Id. at 480.

In response to Miller, in October of 2012, the Pennsylvania legislature enacted 18 Pa.C.S.A. § 1102.1. The statute provides that juvenile offenders convicted of first- or second-degree murder must receive a mandatory minimum sentence. See 18 Pa.C.S.A. § 1102.1(a), (c). However, the statute applies only to those "convicted after June 24, 2012." 18 Pa.C.S.A. §§ (a)(1) and (c)(1).

[3] The Montgomery court held that the Miller decision constituted a new substantive rule that courts must apply retroactively to cases on collateral review. Montgomery, supra at 732-737.

- 2 -

28, 2016, the Commonwealth filed an answer to Bailey's motion agreeing to resentencing.

On October 23, 2017, after a lengthy hearing, the trial court resentenced Bailey as delineated above. On October 25, 2017, the Commonwealth filed a motion for reconsideration, seeking a sentence of 40 years to life imprisonment. Bailey filed an answer on October 27, 2017. The trial court denied the motion on November 3, 2017. The instant, timely appeal followed.[4]

On appeal, Bailey challenges the discretionary aspects of his sentence claiming it is unreasonable and excessive, that the trial court failed to place sufficient reasons on the record to justify the sentence, that the court did not consider his rehabilitative needs and only focused on the seriousness of the offense. Bailey's Brief, at 19-22.

_____

Our Supreme Court subsequently decided Commonwealth v. Batts, 163 A.3d 410 (Pa. 2017) (Batts II), which addressed the procedural requirements for sentencing a juvenile homicide defendant in this Commonwealth. See id. at 459-460 (holding there is presumption against imposition of life without parole sentence for juvenile murder defendants; Commonwealth must provide notice of its intent to seek such sentence; Commonwealth must rebut presumption with proof beyond reasonable doubt that "juvenile offender is permanently incorrigible and thus is unable to be rehabilitated[;]" and court must consider the factors announced in Miller and [18 Pa.C.S.A. §] 1102.1(d)" before imposing sentence of life without parole).

[4] On March 26, 2018, in response to the trial court's order, Bailey filed a timely concise statement of errors complained of on appeal. On February 4, 2019, the trial court issued an opinion.

A challenge to the discretionary aspects of a sentence is not absolute, but rather, "must be considered a petition for permission to appeal." Commonwealth v. Best, 120 A.3d 329, 348 (Pa. Super. 2015) (citation and internal citation omitted). To reach the merits of such a claim, this Court must assess:

> (1) whether the appeal is timely; (2) whether [the defendant] preserved [the] issue; (3) whether [the defendant's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

Commonwealth v. Edwards, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), appeal denied, 81 A.3d 75 (Pa. 2013). "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." Commonwealth v. Cartrette, 83 A.3d 1030, 1042 (Pa. Super. 2013) (en banc).

Here, Bailey failed to challenge the discretionary aspects of his sentence at sentencing or in a timely filed post-sentence motion.[5] See Pa.R.Crim.P.

---

[5] As noted above, Bailey did not file a post-sentence motion; rather he filed an answer to the Commonwealth's post-sentence motion. The entire document is devoted to responding to the Commonwealth's allegations. See Answer to Commonwealth's Motion and Motion to Reduce Sentence, 10/27/17, at 1-4. Despite the title of the document, there is no motion to reduce sentence. At most, in the answer, Bailey states, "[w]e are extremely grateful

720 (A)(1). Therefore, Bailey waived any claims regarding the discretionary aspects of his sentence on appeal.[6]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2019

---

for the 35-year minimum but we move this Honorable Court to deny the Commonwealth's Motion and/or reduce the minimum to 30 years." Id. at 4 ¶ 29.

[6] Even if we were to find that Bailey's response somehow constituted a post-sentence motion, his claim would not merit relief. The on-the-record disclosure requirement does not require the trial court to make "a detailed, highly technical statement." Commonwealth v. Hunzer, 868 A.2d 498, 514 (Pa. Super. 2005) (citation omitted), appeal denied, 880 A.2d 1237 (Pa. 2005). Our review of the resentencing hearing transcript demonstrates that the trial court considered all the evidence before it and adequately explained the reasons for the sentence imposed. See N.T. Resentencing, 10/23/17, at 170-172. We see nothing in Bailey's argument that demonstrates that a sentence of 35 rather than 30 years' was harsh or unreasonable.