J-S21029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN ERNEST TAYLOR | : | |
| | : | |
| Appellant | : | No. 1397 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 11, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001470-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN ERNEST TAYLOR | : | |
| | : | |
| Appellant | : | No. 1398 WDA 2019 |

Appeal from the Judgment of Sentence Entered September 11, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005526-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN ERNEST TAYLOR | : | |
| | : | |
| Appellant | : | No. 1399 WDA 2019 |

Appeal from the Judgment of Sentence Entered August 6, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015237-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|                          | :      |                    |
|--------------------------|--------|--------------------|
| v.                       | :      |                    |
|                          | :      |                    |
|                          | :      |                    |
|                          | :      |                    |
| KEVIN ERNEST TAYLOR      | :      |                    |
|                          | :      |                    |
| Appellant                | :      | No. 1474 WDA 2019  |

Appeal from the Judgment of Sentence Entered August 6, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003879-2016

BEFORE: LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                            **FILED JUNE 2, 2020**

In this consolidated appeal, Appellant Kevin Ernest Taylor appeals from the Judgments of Sentence entered on September 11, 2018 in the Court of Common Pleas of Allegheny County. Appellant challenges the discretionary aspect of the sentences imposed in each case, and the sufficiency of the evidence at Docket Number 3879-2016 ("Case 3879"). After careful review, we affirm Appellant's convictions, but remand for resentencing at Docket Numbers 1470-2016, 5526-2016, and 15237-2016 (collectively, the "PWID cases").

We derive the following facts from the Affidavit of Probable Cause, which the parties stipulated to at Appellant's bench trial in Case 3879. On March 19, 2016, Stowe Township police officer Robert Breitbarth was on routine patrol when he observed a black SUV make a U-turn, then cross the double yellow line multiple times. Officer Breitbarth stopped the vehicle and called Officer Desimone as backup.

- 2 -

Appellant was alone in the vehicle. As Officer Breitbarth spoke with Appellant, Officer Desimone saw multiple stamp bags in the back pouch of the passenger's seat. Police searched Appellant's vehicle and found one unmarked stamp bag containing heroin on the driver's seat, a red cut straw containing white residue in the driver's door, 21 unmarked stamp bags containing heroin in the back pouch of the passenger's seat, and a stolen firearm with the bags in the back pouch. Police arrested Appellant for possession of narcotics and possessing a stolen firearm.

The Commonwealth charged Appellant with two counts of Possession of a Controlled Substance and one count each of Possession of Drug Paraphernalia, Persons Not to Possess a Firearm, Carrying a Firearm Without a License, Careless Driving, and Driving on a Roadway Laned for Traffic at Case 3879.[1] The case proceeded to a non-jury trial on June 20, 2018, where, in addition to the Affidavit of Probable Cause, the parties stipulated that a prior criminal conviction made Appellant ineligible to carry a firearm and Appellant was the registered owner of the vehicle that he was driving. N.T. Trial, 6/20/18, at 6-7.

---

[1] 35 P.S. §§ 780-113(a)(16) and (a)(32); 18 Pa.C.S. §§ 6105(a)(1) and 6106(a)(1); 75 Pa.C.S. §§ 3714(a) and 3309(1), respectively.

The trial court found Appellant guilty of all charges. The court ordered a pre-sentence investigation ("PSI") report and deferred sentencing to September 11, 2018.

At sentencing, Appellant pled guilty to separate counts of Possession with Intent to Distribute ("PWID") in four additional cases, including the three PWID cases at issue in this appeal.[2] Appellant also pled guilty to one count of Driving under the Influence of a Controlled Substance ("DUI").[3]

At Case 3879, the court sentenced Appellant to four to eight years' incarceration for the Persons Not to Possess a Firearm conviction, $60 in fines for the driving offenses, and no further penalty for the other convictions. In the PWID cases, the court sentenced Appellant to four to eight years' incarceration for each drug conviction to be served concurrently with the sentence in Case 3879.[4] Thus, Appellant's aggregate term of incarceration is four to eight years.

On July 10, 2019, following post-conviction relief proceedings, the trial court reinstated Appellant's post-sentence and appellate rights *nunc pro tunc*. Appellant timely filed Post-Sentence Motions, which the trial court denied on

---

[2] 35 P.S. § 780-113(a)(30).

[3] 75 Pa.C.S. § 3802(d)(1)(i).

[4] The court also imposed a sentence of three to six days' incarceration, six months' probation, and a $1,500 fine for a DUI conviction.

August 6, 2019. Appellant thereafter timely filed a Notice of Appeal and Rule 1925(b) Statement at each Docket Number.

> Appellant presents the following issues for our review:
>
> 1. Was the evidence insufficient as a matter of law to law to [sic] sustain the convictions at [Docket Number 3879-2016] for Person[s] Not to Possess a Firearm; Firearms Not to be Carried Without a License; two counts of Possession of a Controlled Substance; and Possession of [Drug] Paraphernalia?
>
> 2. Were the sentences imposed on [Appellant] at [Docket Numbers 1470-2016, 5526-2016, 15237-2016, and 3879-2016], unreasonable, manifestly excessive, contrary to the dictates of the Sentencing Code, and an abuse of discretion in that: 1) the court did not cite to any Sentencing Code factors to justify the imposition of a term of imprisonment of 4 to 8 years in each case; 2) the sentences do not reflect any consideration of [Appellant's] background and characteristics, specifically, his age (64 years old), poor health, and his drug addiction and rehabilitation needs, and the remoteness of his prior convictions; 3) the court did not account for the fact that [Appellant] provides financial, physical and emotional support to his brother who has cerebral palsy, and to his children; and 4) the sentences are grossly disproportionate to the circumstances of the offenses, and contrary to the fundamental norms underlying the sentencing process?

Appellant's Br. at 5.[5]

In his first issue, Appellant challenges the sufficiency of the evidence supporting the gun and drug possession convictions at Case 3879. He alleges that the Commonwealth's evidence was insufficient to prove that he knew of, and had the ability and intent to exercise control over the contraband that police found in the back pouch of the passenger's seat. Appellant's Br. at 26.

---

[5] We have reordered Appellant's issues for ease of analysis.

Appellant does not challenge the sufficiency of the evidence that he possessed the contraband found on the driver's seat and in the driver's door of his vehicle. *Id.* at 24-27.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). We review a sufficiency challenge *de novo*, and our scope of review is limited to the evidence of record and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner. *Commonwealth v. Robinson*, 128 A.3d 261, 264 (Pa. Super. 2015) (*en banc*). The evidence is sufficient if it can support every element of the crime charged beyond a reasonable doubt. *Id.* The factfinder, is free to believe all, part, or none of the evidence. *Id.* The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *Commonwealth v. Irvin*, 134 A.3d 67, 76 (Pa. Super. 2016).

Each of the drug and gun offenses at issue here require the Commonwealth to prove that Appellant "possessed" contraband.[6] The

---

[6] A conviction for Possession of a Controlled Substance requires evidence that a person "**[k]nowingly or intentionally possessed**" a controlled substance. 35 P.S. § 780-113(a)(16) (emphasis added).

Possession of Drug Paraphernalia prohibits the "**possession** with intent to use[] drug paraphernalia." 35 P.S. § 780-113(a)(32) (emphasis added).

Section 6105 of the Pennsylvania Uniform Firearms Act of 1995 provides that a certain class of people, including Appellant, "**shall not possess**, use,

Commonwealth may meet its burden of proving possession by establishing facts from which the factfinder may infer constructive possession. *Commonwealth v. Hall*, 199 A.3d 954, 960 (Pa. Super. 2018). "Constructive possession" is "the ability to exercise a conscious dominion over the contraband." *Id.* at 961 (citation and internal quotation marks omitted). To prove "conscious dominion," the Commonwealth must establish that the defendant had "the power to control the contraband and the intent to exercise that control." *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018) (citation omitted). Although the Commonwealth may sustain its burden with wholly circumstantial evidence, a defendant's mere presence at a place where contraband is found is insufficient to prove that he exercised dominion and control over those items. *Id.* at 36-37.

Constructive possession also requires proof that the defendant had knowledge of the existence and location of the item. *Id.* at 37. Importantly, "[t]he Commonwealth may prove such knowledge circumstantially. That is, it may prove that the defendant had knowledge of the existence and location of the items at issue from examination of the totality of the circumstances surrounding the case, such as whether the contraband was located in an area

_____

control, sell, transfer or manufacture . . . a firearm in this Commonwealth." 18 Pa.C.S. § 6105(a)(1) (emphasis added).

Section 6106 states that "any person who **carries** a firearm in any vehicle" without a license commits a third degree felony. 18 Pa.C.S. § 6106(a)(1) (emphasis added).

usually accessible only to the defendant." **Hall**, **supra** at 961 (citation and internal quotation marks omitted).

This Court has addressed the issue of constructive possession where an appellant was alone in a vehicle where officers found contraband. In **Commonwealth v. Best**, 120 A.3d 329 (Pa. Super. 2015), we affirmed a conviction for drug possession where the appellant was alone in the car when police found marijuana in the center console. In affirming, we reasoned that, because he was alone in the car, the "appellant, and only [the] appellant, had conscious dominion over the marijuana." **Id.** at 343. Similarly, in **Commonwealth v. Cruz**, 21 A.3d 1247 (Pa. Super. 2011), we affirmed convictions for two firearms offenses based on constructive possession, where the appellant was alone in the car when police found a firearm in a latched compartment on the passenger's side of the vehicle. **Id.** at 1253.

As in **Best** and **Cruz**, Appellant in the instant case was the sole occupant of the vehicle, and in close proximity to the contraband. In concluding that the Commonwealth's evidence was sufficient to prove constructive possession, the trial court stated:

> The facts in this case established that **Defendant was the operator of the vehicle and the sole occupant.** When Officer Desimone approached Defendant's vehicle, he observed in plain view **several bundles of glassine stamp bags in the back pouch of the passenger seat of Defendant's vehicle**. After Defendant was asked to step out of the vehicle, Officer Breitbarth found **[one] unmarked stamp bag [on] the driver's seat and a red cut straw with white residue in the driver's door**. . . When Officer Heffley seized the glassine stamp bags from the passenger seat rear pocket, **he located a firearm adjacent to**

> **the stamp bags**. . . Additionally, **Defendant is the registered owner of the vehicle**. As such, the evidence was sufficient to establish the element of possession for all of these offenses.

Trial Ct. Op., 10/28/19, at 8 (emphasis added).

The trial court's recitation of the facts is supported by the certified record. Importantly, Appellant was the sole occupant of the vehicle, meaning that he, and he alone, had the ability to exercise control over all the contraband in the vehicle. Likewise, given Appellant's close proximity to the contraband on his seat, in the driver's door and the pouch behind the passenger's seat, it was reasonable for the factfinder to infer that Appellant had the ability to exercise control over it.

It was also reasonable for the factfinder to conclude that Appellant had knowledge of the contraband in his vehicle. Like the stamp bag found on the driver's seat, the bags in the back pouch were unmarked, supporting a reasonable inference that Appellant retrieved the single unmarked stamp bag from the group of unmarked bags in the back pouch. Similarly, given the close proximity between the firearm and drugs in the back pouch, it was reasonable for the factfinder to determine that Appellant likewise knew of the firearm.

Appellant argues that "given the location of the firearm and drugs, it is possible that someone riding in the back seat of the vehicle surreptitiously placed the contraband in the seat pocket." Appellant's Br. at 27. No party presented evidence that anyone other than Appellant had access to the vehicle. Thus, this argument fails.

- 9 -

Consequently, we conclude that the Commonwealth's evidence was sufficient for the trial court to convict Appellant of Possession of a Controlled Substance, Possession of Drug Paraphernalia, Persons Not to Possess a Firearm, and Firearms Not to be Carried Without a License.

Appellant's second issue involves the discretionary aspects of his sentences at each of the underlying cases. An appellant is not entitled to review of the discretionary aspects of sentencing as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987).

Appellant timely filed a Notice of Appeal, raised his sentencing claim in a Post-Sentence Motion, and included in his brief a Statement of Reasons for our review of the discretionary aspects of his sentence, as required by Pa.R.A.P. 2119(f) and *Tuladziecki*, *supra*. However, we may reach the merits of Appellant's challenge only if Appellant presents a substantial question that the sentence imposed is inappropriate under the Sentencing Code or the fundamental norms underlying the sentencing process. *Commonwealth v. Mrozik*, 213 A.3d 273, 275 (Pa. Super. 2019).

An appellant raises a substantial question where he asserts that the trial court failed to consider relevant sentencing criteria set forth in the Sentencing Code at 42 Pa.C.S. § 9721(b). *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012). Here, Appellant contends in his Rule 2119(f) Statement

that the sentencing court failed to consider relevant Section 9721(b) sentencing criteria. Appellant's Br. at 10-12. He has, thus, raised a substantial question for our review.

We proceed mindful that sentencing is vested in the sound discretion of the sentencing judge and we will not disturb a sentence absent a manifest abuse of discretion. **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074-75 (Pa. Super. 2019). To obtain relief, the appellant must establish that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. **Id.** at 1075.

In every case in which a court sentences for a felony or misdemeanor conviction, the court must state on the record the reason or reasons for the sentence imposed. 42 Pa.C.S. § 9721(b); Pa.R.Crim.P. 704(c)(2). The sentencing judge must consider, *inter alia*, the "protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's age, personal characteristics, and potential for rehabilitation. **Commonwealth v. Fowler**, 893 A.2d 758, 766-67 (Pa. Super. 2006).

The court is not required to parrot the words of the Sentencing Code on the record, but the record as a whole must reflect due consideration of the statutory criteria enunciated in Section 9721(b). **Commonwealth v. Coulverson**, 34 A.3d 135, 145 (Pa. Super. 2011). The court satisfies this requirement when it indicates that a PSI report informed its sentencing decision. **Commonwealth v. Baker**, 72 A.3d 652, 663 (Pa. Super. 2013).

In addition to the mandates of Section 9721(b), where a court imposes an aggravated range sentence it must state on the record the aggravating circumstances that occasioned the higher sentence. 204 Pa. Code 303.13(c). A sentencing judge may consider any legal factor in imposing an aggravated range sentence, but "the sentencing judge's statement of reasons on the record must reflect this consideration." **Commonwealth v. Bowen**, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citation omitted).

In the instant case, the court imposed a sentence below the mitigated range at Case 3879. Trial Ct. Op., 10/28/19, at 9. The notes of testimony from the sentencing hearing indicate that the court reviewed and considered the PSI report before imposing sentence. **Id.** at 8; N.T. Sentencing, 9/11/18, at 19-20. Thus, we conclude that the trial court properly considered all relevant criteria and properly exercised its discretion in sentencing Appellant at Case 3879.

With respect to the three PWID cases, the court sentenced Appellant in the aggravated range for each drug offense. Trial Ct. Op., 10/28/19, at 9.

- 12 -

However, the sentencing court did not state any reasons on the record for sentencing Appellant in the aggravated range. *See* N.T. Sentencing, 9/11/18, at 24-28. Because the sentencing court failed to provide a statement of reasons for imposing the sentences it did in the PWID cases, we are constrained to vacate the Judgments of Sentence in those cases and remand for resentencing.[7]

Convictions affirmed. Judgment of Sentence affirmed at Docket Number 3879-2016. Judgments of Sentence vacated and cases remanded for resentencing at Docket Numbers 1470-2016, 5526-2016, and 15237-2016. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2020

---

[7] Before resentencing, we request that the trial court direct the Allegheny County Department of Court Records to ensure that the certified records at Docket Numbers 1470-2016 and 5526-2016 are properly organized and contain all documents relevant to each respective case.