J-S27027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAISHA DUGGINS | : | |
| | : | |
| Appellant | : | No. 3241 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002548-2016

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED JULY 15, 2020**

Kaisha Duggins (Appellant) appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following her open guilty pleas to voluntary manslaughter—unreasonable belief killing justifiable,[1] conspiracy to commit voluntary manslaughter, and possessing an instrument of crime (PIC).[2] Appellant argues the court abused its discretion

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2503(b).

[2] 18 Pa.C.S. §§ 903(a), 907.

when imposing her sentence by failing to consider mitigating circumstances.[3] We affirm.

Appellant and two co-defendants, Aleathea Gillard and Shareena Joachim,[4] were charged with attacking Robert Barnes (Decedent), who was homeless. The charges proceeded to a joint plea hearing on January 29, 2018, where the Commonwealth presented the following factual summary. *See* N.T. Guilty Plea H'rg, 1/29/18, at 53-54. On April 7, 2015, around 6:30 p.m., Decedent was standing outside a gas station located at 5335 North 5th Street in Philadelphia. A 10-year old boy rode his bike near Decedent and, for reasons unknown, went home and told his mother, Gillard, that Decedent hit the boy and called him a racial slur. Approximately 10 minutes later, Gillard and her cohorts, Appellant and Joachim, arrived at the gas station, exited their van and immediately attacked Decedent. Three juveniles — two of whom were Gillard's children — also joined the attack. *Id.* at 53, 55. Decedent "was knocked to the ground and punched, kicked and beaten about the head and body with various objects." *Id.* at 53. Appellant struck Decedent with a

_____

[3] Upon the Commonwealth's request, this panel granted an extension of time for it to file a brief. The Commonwealth then filed a second extension of time, which this panel denied.

[4] During the recitation of the facts at the guilty plea hearing, the Commonwealth referred to Joachim as Appellant's friend. N.T. Guilty Plea H'rg, 1/29/18, at 53. However, Appellant's sentencing memorandum stated Appellant and Joachim are sisters. *See* Appellant's Sentencing Memorandum, 5/25/18, at 7.

- 2 -

hammer, while Gillard beat him with a wooden chair leg. Joachim also attempted to blind Decedent by spraying mace into his eyes, but instead sprayed one of the juveniles involved. Recovered video surveillance showed the brutal attack in its entirety. The video confirmed that the unarmed Decedent did not have, prior to the attack, any verbal or physical contact with Gillard's son, Appellant, her two co-defendants, or the juveniles involved.

The Commonwealth's evidence showed the following. **See** N.T., Guilty Plea H'rg, at 54-55. Decedent was rushed to the hospital in critical condition where he underwent brain surgery. Post-surgery, Decedent was transferred to a nursing home on April 30, 2015, where his condition deteriorated and he died on November 25, 2015. The Montgomery County Medical Examiner's office performed an autopsy, which "revealed brain hemorrhages, contusions to both eyes, [a] fractured left orbital bone, a fractured nasal bone[,] and blunt impact injury to the torso." **Id.** at 55. The Medical Examiner's officer determined "the cause of death [was] complications following blunt impact injury to the head" and ruled the manner of death was homicide. **Id.**

On January 29, 2018, Appellant and both co-defendants entered open guilty pleas to voluntary manslaughter, conspiracy, and PIC.[5] N.T., Guilty Plea

---

[5] Gillard and Joachim each took direct appeals to this Court, challenging the discretionary aspects of their sentences. **Commonwealth v. Gillard**, 3390 EDA 2018 (unpub. memo.) (Pa. Super. Dec. 18, 2019); **Commonwealth v. Joachim**, 3400 EDA 2018 (unpub. memo.) (Pa. Super. Dec. 18, 2019). This

H'rg, at 6-7, 56-58; *see* Written Guilty Plea Colloquy, 1/29/18.  Each defendant signed statements admitting their participation in the attack. Appellant specifically admitted to striking Decedent in his head with a hammer.  *Id.* at 55.

On June 29, 2018, the trial court sentenced Appellant to the following: two consecutive terms of 10 to 20 years' incarceration for voluntary manslaughter and conspiracy; and a consecutive term of 2 1/2 years to 5 years' incarceration for PIC.  Appellant's aggregate term was 22 1/2 to 45 years' incarceration.  The court reviewed the sentencing memorandum, summarized the information therein, and acknowledged an upward deviation from the Sentencing Guidelines.[6]  N.T. Sentencing H'rg, 6/29/18, at 9, 111-13.  Appellant timely filed a post-sentence motion, which the court denied on October 24, 2018.

Appellant did not initially file a notice of appeal, but filed a timely *pro se* Post Conviction Relief Act[7] (PCRA) petition on December 28, 2018.  The trial

_____

Court affirmed both co-defendants' judgments of sentences on December 18, 2019.

[6] The standard range sentence for voluntary manslaughter with a deadly weapon enhancement was 54 to 72 months' incarceration, plus or minus 12 months.  For conspiracy to commit voluntary manslaughter, the standard range with a deadly weapon enhancement was 40 to 54 months' incarceration, plus or minus 12 months.  For PIC, the standard range sentence was restorative sanctions, plus or minus 3 months' incarceration.  **See** N.T., Sentencing H'rg, at 10.

[7] 42 Pa.C.S. §§ 9541-9546.

court appointed present counsel for Appellant. On August 8, 2018, Appellant filed an amended PCRA petition. Appellant alleged ineffective assistance in trial counsel's failure to perfect an appeal when she requested counsel to do so, and abandoning her without withdrawing from representation. On November 8, 2019, the PCRA court reinstated Appellant's appellate rights *nunc pro tunc*. That same day, Appellant filed a notice of appeal, followed by a Pa.R.A.P. 1925(b) statement on November 20, 2019, which the trial court did not order. The trial court has advised this Court by letter, dated February 12, 2020, that the trial judge, the Honorable Sandy Byrd, is no longer sitting as a judge in Philadelphia County and no trial court opinion has been filed. Letter from Common Pleas Trial Division, 2/12/20.

Appellant presents one issue for our review:

Did the trial court abuse its discretion in sentencing Appellant to 22 1/2 to 45 years of state incarceration when Appellant accepted responsibility for her actions and showed remorse, when Appellant is the mother of a minor child, when Appellant suffers from mental health disorders and was intoxicated at the time of the incident, and when Appellant had no prior record score resulting in a sentence that was a substantial departure from the sentencing guidelines?

Appellant's Brief at 4. Appellant avers the imposition of her sentence constitutes an abuse of discretion by the trial court "and goes well beyond the purpose of the penal system — protection of society, general deterrence, individual deterrence, rehabilitation, and retribution." *Id.* at 11. Appellant contends the trial court did not consider a variety of factors when it fashioned her sentence. Appellant stresses she accepted responsibility and entered into

- 5 -

a guilty plea, was remorseful and apologetic about her actions, was untreated for bipolar disorder, was under the influence of "various drugs" when the attack occurred,[8] has a young child for whom she cares, and did not initiate the attack. *Id.* at 7. Appellant also contends that she had no prior record and her sentence deviation from co-defendant Joachim — who received an aggregate sentence of 12 1/2 to 25 years' incarceration — "was not adequately justified," thus, requiring she be resentenced. *Id.* at 9; *see* N.T., Sentencing H'rg, at 120.

Appellant challenges the discretionary aspects of her sentence. Such a claim is not appealable as of right, but "must be considered a petition for permission to appeal." *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa. Super. 2015) (citation omitted). Before we reach the merits of a discretionary sentencing issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [the] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-30 (Pa. Super. 2013)

_____

[8] Although Appellant's brief does not elaborate on the various drugs used, her Sentencing Memorandum explained that in her pre-sentence interview, Appellant stated she had "taken 4 Xanax and smoked 2 blunts" on the date of the incident and "took shots of alcohol to swallow down the pills." *See* Appellant's Sentencing Memorandum, 5/28/15, at 8.

(citation omitted).

Appellant complied with the procedural requirements for this appeal by filing a timely post-sentence motion and a *nunc pro tunc* notice of appeal. In her appellate brief, Appellant includes a statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). **See Edwards**, 71 A.3d at 329-30; Appellant's Brief at 8-12. This statement claims she had no prior record, accepted responsibility for her crime, has a young child, and had a "difficult social background and mental health and substance issues," and that the sentence imposed "goes well beyond the purpose of the penal system." Appellant's Brief at 9, 11. In **Commonwealth v. Dodge**, 77 A.3d 1263 (Pa. Super. 2013), this Court found that "an excessive sentence claim, in conjunction with an assertion that the court did not consider mitigating factors, raised a substantial question." **See Commonwealth v. Dodge**, 77 A.3d 1263, 1272 (Pa. Super. 2013). Accordingly, we conclude Appellant has raised a substantial question for our review, and now turn our attention to the specific issued raised on appeal.

> We review the trial court's determination for an abuse of discretion.
>
> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. . . .

**Commonwealth v. Moury**, 992 A.2d 162, 169-70 (Pa. Super. 2010) (citation

omitted).

> In reviewing the sentence, an appellate court shall consider:
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation;
> (3) the findings upon which the sentence was based; and
> (4) the guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d)(1)–(4). A sentence of total confinement shall be consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Furthermore,

> When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it [is] not bound by the Sentencing Guidelines. *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007) ("It is well established that the Sentencing Guidelines are purely advisory in nature."). The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." When a court chooses to depart from the guidelines[,] however, it must "demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines." Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.[ ] §9721(b).

The requirement that the court provide a contemporaneous

written statement is satisfied "when the judge states his reasons for the sentence on the record and in the defendant's presence."

***Commonwealth v. Durazo,*** 210 A.3d 316, 320–21 (Pa. Super. 2019) (some citations omitted).

> Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

***Moury***, 992 A.2d at 171 (citations omitted).

> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation."

***Id.*** (citations omitted).

We reiterate the trial court reviewed Appellant's pre-sentencing memorandum. N.T., Sentencing H'rg, at 9. While no opinion was filed in this matter, the trial court stated its reasons with specificity in open court and on the record for imposing its sentence:

> [Appellant,] you had the benefit of a mitigation expert. I have considered the various documents that were submitted to me on your behalf and they are, of course, mitigating factors. All of which are laid out in either the presentence investigation, the mental health evaluation, the sentencing memorandum or the presentation presented here in this court. They include the fact that you accepted responsibility by pleading guilty, you are a mother of children and you have an underlying psychiatric disorder.

On the other hand, there are various aggravating factors which clearly outweigh the mitigating circumstances. They include the following: [t]his was not a typical voluntary manslaughter case. That is, it is compellingly different from other manslaughter cases. First, you had no family involvement in this case unlike the co-defendant whose son falsely accused the victim of a crime. Second, you were a leading actor in the killing, arming yourself with a hammer. You were, from my viewing of the video, the first to strike [Decedent]; an unarmed, unsuspecting, vulnerable person.

Once [Decedent] was knocked to the ground, others engaged in a prolonged beating which resulted in pain and suffering over the period of April 2015 through November 2015.

You acted in concert with children. Rather than removing them from this violent confrontation, you did nothing to prevent the juveniles from engaging in actions that resulted in two of them carrying a lifetime adjudication for third degree murder.

Now I'm mindful of the fact that you have a prior record score of zero, but I know, given the manner in which our guidelines are computed, that it does not take into account your prior conviction for assault on facts not unlike the present case, all be it no one died, obviously, in that case.

In light of the foregone, the [c]ourt finds that an upward departure from the guidelines is required.

N.T., Sentencing H'rg, at 117-19.

In this case, the trial court fully complied with Section 9721(b). The court noted the standard range sentence with a deadly weapon enhancement was 54 to 72 months in prison for voluntary manslaughter and 40 to 54 months in prison for conspiracy to commit voluntary manslaughter. N.T., Sentencing H'rg, at 10. The court, as set forth above, stated its reasons for imposing a sentence of ten years' imprisonment. The trial court acknowledged Appellant's PSI and it thoroughly considered Appellant's nature and history.

It also had an opportunity to observe Appellant and weigh the information in the PSI concerning her character as well as her mitigation report. The court explained the aggravating factors that contributed to her sentence, by elaborating on her being the initial attacker and her use of a hammer on an "unarmed, unsuspecting, vulnerable person." *Id.*at 107. The trial court adequately explained its departure from the standard range of the sentencing guidelines. *See* 42 Pa.C.S.A. § 9781(d)(1)–(4); *Durazo,* 210 A.3d at 320–21; *Moury*, 992 A.2d at 171.

Finally, taking into consideration the totality of the circumstances of this case, Appellant's admitted participation in a brutal, sustained, and unprovoked beating of an unarmed homeless man, this Court does not find the imposed sentence "shocks the conscience." Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/15/2020*