J-S01042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN W. SMITH | : | |
| | : | |
| Appellant | : | No. 596 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 30, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001767-2020

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                      **FILED MAY 10, 2022**

Justin W. Smith appeals from the judgment of sentence imposed following an **Alford** plea.[1] In accordance with that plea, Smith consented to the imposition of a sentence for the offenses of simple assault and indecent assault by forcible compulsion.[2] Correspondingly, the court sentenced Smith to time served to twenty-three months of incarceration on the former count and seventeen to thirty-four months on the latter count, to be served consecutively and thereafter followed by three years of probation. On appeal, Smith singularly asserts that the sentencing court abused its discretion in

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See North Carolina v. Alford**, 400 U.S. 25 (1970). Specifically, "a person entering an Alford plea claims innocence, but consents to the imposition of a prison sentence." **Commonwealth v. Pasture**, 107 A.3d 21, 23 n. 1 (Pa. 2014).

[2] **See** 18 Pa.C.S.A. § 3126(a)(2) and 18 Pa.C.S.A. § 3126(a)(2), respectively.

crafting his aggregate sentence. After a thorough review of the record, inclusive of a detailed perusal of the sentencing transcript, we conclude that Smith has failed to demonstrate that the sentencing court abused its discretion. Consequently, we are constrained to affirm.

In March 2020, Smith was charged with having committed five criminal offenses, inclusive of the two that were the subject of his **Alford** plea.[3] Had this matter gone to trial, the Commonwealth asserted that it would have been able to prove the following:

> On March 13th of 2020, the Fairview Township Police Department were advised that the victim was at Harrisburg Hospital reporting an assault. The officer responded to the hospital and met with the nurse.
>
> The victim disclosed that she and [Smith], her boyfriend and father to her child, were in an argument the previous night, day into the night. She stated that she and [Smith] got into an argument because [Smith] was masturbating in bed where they both were. She believed this to be disrespectful and she smacked him.
>
> This caused [Smith] to throw her to the floor. While on the floor, [Smith] held the victim's arms down with his knees and then inserted his penis into her mouth. The victim bit him, drawing blood and causing injury that the police later noted.
>
> That was not the only assault that occurred that day. They got into another argument and [Smith] used his forearm and pressed it against the victim's throat. She indicated that she was unable to breathe. And while she did not black out, everything got hazy while he was preventing her from being able to breathe. At that point they both realized that their son was awake and the altercation ended.

_____

[3] The three remaining charges were dismissed by _nolle prosequi_.

Early in the morning on the 13th, [Smith] and the victim began to argue again. This was over pornography and the computer being disconnected. At that time [Smith] grabbed the victim and tried to drag her out of the residence, but she was able to grab on to the refrigerator to prevent him from doing that.

During the altercation she received a rug burn to her elbow and scrapes and bruises on her arms and knees. She also suffered a contusion to her head. These were all noted at the hospital and swabs were taken as a part of a rape kit. This was to have occurred at 6 Lewisberry Road, Lot 13, New Cumberland, Pennsylvania, which would have been in York County in Fairview's jurisdiction.

*Alford* Plea Hearing, 1/12/21, at 8-10. Following this recitation, Smith agreed that "if [the] evidence were presented to a jury … [he] could be found guilty of simple assault and indecent assault[.]" *See id*., at 10.

The court accepted Smith's *Alford* plea and sentenced him, consecutively, for those two offenses, which Smith has ascertained to be an aggregate sentence of "forty to fifty-seven months [of] incarceration, followed by three years of probation." Appellant's Brief, at 6 (internal parentheses omitted). In crafting its sentence, the court expressly indicated that it had reviewed the pre-sentence investigation (PSI) report generated in Smith's case. *See* Sentencing Transcript, 3/30/21, at 2. The court also found that Smith was "a danger to society, [given that] the nature of this crime was violent[,]" and that he had a history of "not accepting accountability for his actions." *Id*., at 13.

While Smith, himself, engaged in various filings after sentencing,[4] Smith's counsel filed a timely post-sentence motion, which was denied. Following denial of this motion, Smith filed a timely notice of appeal. The relevant parties have complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925, and as such, this appeal is ripe for review.

On appeal, Smith challenges:

1. Whether the aggregate sentence of forty to fifty-seven months of incarceration constitutes an abuse of discretion when the sentence imposed is inconsistent with the gravity of the offenses and protection of the public and further did not consider relevant mitigating factors?

*See* Appellant's Brief, at 4.

In summary, Smith contends that the "aggregate sentence given was not consistent to the weight of the offenses [Smith] gave an *Alford* plea to." *Id*., at 7. Specifically, Smith claims that his sentence was "manifestly excessive" due to the lower court's failure "to acknowledge relevant factors, such as the facts of the case, [Smith] taking responsibility for his actions, the wishes of the victim in the case, and that the sentence given is punitive in nature, rather than rehabilitative." *Id*., at 9.

_____

[4] As the Commonwealth identifies, Smith filed a *pro se* motion to appeal, seeking to withdraw his *Alford* plea. *See* Appellee's Brief, at 5. Moreover, Smith filed a petition potentially cognizable under the Post Conviction Relief Act. *See* 42 Pa.C.S.A. § 9541-9546. Eventually, the PCRA petition would be withdrawn.

We initially note that the standard of review employed in claims challenging the discretionary aspects of a sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 756, 760 (Pa. Super. 2014) (citation omitted). However, appellate review in this domain is not granted as of right.

*See Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether [an a]ppellant preserved his issue; (3) whether [an a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because [an a]ppellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citation and internal brackets omitted).

The Commonwealth concedes, and we agree, that Smith has satisfied the first three requirements necessary for merit review of his discretionary aspects of sentencing claim. *See* Appellee's Brief, at 11 (writing that Smith

filed "a timely appeal to this Court, preserv[ed] the issue on appeal through his post-sentence motions, and includ[ed] a Pa.R.A.P. 2119(f) statement in his brief"). Therefore, we must determine whether Smith has raised a legally cognizable substantial question.

This Court evaluates what constitutes a substantial question on a case-by-case basis. *See Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2017). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quotation and quotation marks omitted).

Although the Commonwealth avers that Smith has not raised a substantial question, *see* Appellee's Brief, at 12, we find that Smith's belief as to the manifest excessiveness of his sentence, as an aggregated sentence, in conjunction with the court's apparent failure to acknowledge "relevant factors," e.g., Smith's rehabilitative needs and the gravity of the offenses, *see* Appellant's Brief, at 9, establishes a substantial question. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016) (finding a substantial question when that appellant maintained the court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of

[a]ppellant, as 42 Pa.C.S.[A.] § 9721(b) requires") (citation omitted); **see also Commonwealth v. Knox**, 165 A.3d 925, 929-30 (Pa. Super. 2017) ("A claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances … raises a substantial question."); **Commonwealth v. Akhmedov**, 236 A.3d 307, 328 (Pa. Super. 2019) (*en banc*) (stating that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question") (citation omitted).

Smith illuminates that, accounting for his prior record score of two, a standard sentence at his simple assault count would have resulted in "restorative sanctions to nine months incarceration," Appellant's Brief, at 12 (internal parentheses omitted), and, on his indecent assault count, a standard sentence would have amounted to three to fourteen months of incarceration. **See id**. Smith also concedes that the court's finding that both crimes were domestic violence-oriented could have increased Smith's sentences at both counts by three to six months, respectively. **See id**., at 13; 204 Pa. Code § 303.13(a)(3)-(4). Additionally, Smith acknowledges the court's determination that Smith "was blaming the victim for his action, that he was refusing to take responsibility for his actions by entering an **Alford** plea, and that he is a danger to society." **Id**., at 14. Consequently, the court could consider these bases to be aggravating circumstances and lead to a further sentence increase of three months and six months of incarceration, respectively. **See id**., at 14-

15. In total, by Smith's calculation, the resulting consecutive sentence should have been, in the aggregate, eighteen to thirty-seven months of incarceration. *See id*., at 15. Instead, Smith's sentence exceeded that figure without an adequate explanation from the sentencing court why it deviated from the sentencing guidelines. *See id*., at 15-16.

Smith contends that the three reasons given by the sentencing court to justify its sentencing beyond the guidelines were erroneous. First, Smith asserts that he took responsibility for his actions, believing what he did to be wrong.[5] To that point, Smith identifies that he is taking a violence prevention program that was known to the court at sentencing. Second, to the extent that the court saw Smith as victim blaming, Smith emphasizes that the fact that the victim hit him first during their altercation was not relevant to his own actions, fully wishing "to take responsibility … in the altercation." *Id*., at 19. Third, he asserts, the court did not develop its determination that an aggravated sentence was warranted because Smith's crimes were violent and that he was a danger to society.

Conversely, Smith believes that the court failed to incorporate the victim's wishes in making its sentencing determination. Smith states that "the victim indicated that she wished for [him] to be home[ ] and to receive

---

[5] However, Smith "did not believe he was guilty of the [i]ndecent [a]ssault" because he "believed the victim to be initiating the sexual act, therefore he did not see himself as forcing the act." Appellant's Brief, at 17.

rehabilitation through taking his prescribed medication and receiving counseling." *Id*., at 20.

As stated, *supra*, the sentencing court identified on the record that it had read Smith's PSI report.

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Best*, 120 A.3d 329, 348-49 (Pa. Super. 2015) (citation omitted). Moreover, we note that sentencing courts are in "the best position to view [a] defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000) (citation omitted). Additionally, sentencing courts are not obligated to craft a sentence that squarely comports with the sentencing guidelines; rather, those guidelines are guideposts that must be considered, and if a court is to deviate from them, it must explain its reasons for doing so. *See Commonwealth v. Sessoms*, 532 A.2d 775, 780-

81 (Pa. 1987).

Preliminarily, we note that Smith has not provided any factually analogous or on-point authority to demonstrate an abuse of discretion by the sentencing court. Smith, via citations to the record, primarily highlights that the court misinterpreted his actions/statements or reached erroneous conclusions that served as the bases to aggravate his offenses, but has provided no support to demonstrate the necessity of reversal.

Despite Smith's bald assertions, the record reflects that the court, armed with a PSI report and having been fully apprised of Smith's background and the attendant circumstances surrounding the case[6], considered, *inter alia*, what it deemed Smith's lack of accepting responsibility, victim blaming, and the specific nature of the crimes he was charged with having committed. **See** Sentencing Transcript, 3/30/21, at 12-13 (remarking that the court did not believe Smith had accepted responsibility for his actions: "A, based on the fact that he entered an **Alford** plea; and also, even here today he's still victim blaming[]"). Those reasons ultimately led to the construction of an aggravated and consecutive sentencing scheme. The court also stated that it saw Smith's crime as a crime of domestic violence, believing Smith to be a danger to society. **See id**., at 10, 12-13 (establishing that the court was cognizant of

---

[6] For example, the Commonwealth remarked to the court that it understood "that the victim and [Smith] both want [Smith] to go home[.]" Sentencing Transcript, 3/30/21, at 11.

Smith's past convictions, with at least one being factually similar to the present matter). Furthermore, the court disbelieved Smith when, in the court's interpretation, Smith stated that "it was a mutual affray [between Smith and the victim] and that [they] were both equally responsible[.]" *Id*., at 13.

The court would later opine:

> By stating the various aggravating factors, the [c]ourt was not attempting to double down on factors already considered in the PSA [report], but merely show[ing] that the [c]ourt conducted an in-depth analysis of both mitigating and aggravating factors before handing down the sentence. Accordingly, based on all the factors, the [c]ourt properly entered aggravated sentences in this case.

Trial Court Opinion, 7/29/21, at 8.

Even though the court exceeded the standard sentencing guidelines, something it has the inherent ability to do, it did not sentence Smith above the statutory maximum for either of his two offenses, and after reviewing the PSI report and receiving a panoply of relevant information, it placed on the record its reasons for deviating from those guidelines.

As the sentencing court was in the best position to decide upon Smith's character, his display of remorse, the nature of the crimes he committed, and the gravity of the offenses as they related to both the victim and the community, *see Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (repeating, further, the broad discretion afforded to sentencing courts in making their determinations), Smith has presented no clear or compelling basis to warrant reversal, and has failed to demonstrate that the court

imposed a manifestly excessive sentence. We therefore find his claim on appeal to be without merit and affirm his judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/10/2022